```
 1  ANDREA R. HARTMAN (State Bar No. 115678)
    JAMES M. LICHTMAN (State Bar No. 188830)
 2  NATIONAL BROADCASTING COMPANY, INC.
    330 Bob Hope Drive, Suite C-205
 3  Burbank, California 91523
    (818) 840-4921
 4  (818) 840-3397
    (818) 840-3495 - Fax
 5

 6  Attorneys for Defendant
    NBC SUBSIDIARY (KNBC-TV), INC.
 7

 8                  UNITED STATES DISTRICT COURT

 9                 CENTRAL DISTRICT OF CALIFORNIA

10                        SOUTHERN DIVISION

11  RICHARD C. GILBERT,           ) Case No. SACV 99-1587 AHS (EEx)
                                  )
12                                ) [PROPOSED] STATEMENT OF
             Plaintiff,           ) UNCONTROVERTED MATERIAL FACTS
13                                ) AND CONCLUSIONS OF LAW IN
         v.                       ) SUPPORT OF DEFENDANT NBC
14                                ) SUBSIDIARY (KNBC-TV), INC.'S
    KNBC, and DOES 1 through 10,  ) MOTION FOR SUMMARY JUDGMENT
15  inclusive,                    )
                                  ) DATE:  February 28, 2000
16                                ) TIME:  10:00 a.m.
             Defendants.          ) CTRM:  10-A (The Hon.
17                                )        Alicemarie H. Stotler)
                                  )
18                                ) (Notice of Motion, Memorandum
                                  )  of Points and Authorities,
19                                )  Declarations of Patricia Caneda
                                  )  and James M. Lichtman and
20                                )  [Proposed] Judgment filed
                                  )  separately)
21                                )
                                  )
22  _____)
```

After consideration of the papers submitted in support of and in opposition to the Defendant NBC Subsidiary (KNBC-TV), Inc.'s Motion for Summary Judgment, the arguments of counsel, the pleadings, files, and records in this action, and such matters of which the Court may take judicial notice, this Court determines that the following facts have been established as

## UNCONTROVERTED MATERIAL FACTS

1. On September 23, 1999, Richard Gilbert sent a letter to defendant NBC Subsidiary (KNBC-TV), Inc. ("KNBC") asking the station to waive any objection to his satellite carrier's retransmission of NBC's signal to his home. See Letter dated September 23, 1999 to Mr. [stet] Carole Black from Richard C. Gilbert (attached as Ex. A to the accompanying Declaration of Patricia Caneda ("Caneda Decl.")).

2. That waiver request was granted on November 3, 1999. See Letter dated November 3, 1999 by Patricia Caneda (attached as Ex. B to Caneda Decl.).

3. On October 22, 1999, twenty-nine days after plaintiffs sent their initial request but before that request had been granted, plaintiff commenced this action in the Superior Court of Orange County, California against defendants KNBC and Does 1 through 10 (collectively "defendants"). See Complaint (attached as Ex. A to Lichtman Decl.), p. 1.

4. The Complaint purports to assert causes of action for "unfair business practices," "fraud," "declaratory judgment," and "injunctive relief." The Complaint also prays for a declaration that the Satellite Home Viewer Act is unconstitutional. (Compl. pp 1,5)

5. Plaintiff's first cause of action for unfair business practices alleges that KNBC had a duty timely to respond to plaintiff's waiver request, and that KNBC is engaged in a scheme wrongfully to deny such requests. Complaint, ¶ 12-13, 25. The Complaint further alleges that, but for defendants' purported scheme, plaintiff would be enjoying his "constitutional right" to receive the satellite transmission, id. at ¶ 21, and that he has "suffered damages including interference with the

use and enjoyment of property rights, liberties, happiness." Id., ¶ 23.

6. Plaintiff's Complaint does not set forth any separate allegations in support of plaintiff's remaining causes of action for fraud, declaratory judgment, or injunctive relief, but rather incorporates by reference the allegations of the unfair business practice claim, and the allegations in introductory paragraphs 1-7. Complaint, ¶ 28-30.

7. Plaintiff's Complaint seeks a mandatory injunction requiring KNBC to approve his waiver request. Complaint, pp. 4-5. It also seeks declarations "[t]hat the Satellite Home Viewer Act is unconstitutional," "[t]hat the burden of proof re: transmission frequency is on the Defendant, not the Plaintiff," and "[t]hat Defendant has engaged in unfair business practices." Id. at p. 5. In addition, the Complaint seeks unspecified compensatory and punitive damages. Id. at pp. 4-5.

8. On December 24, 1999, KNBC removed the case to this Court on the grounds of Copyright Act preemption. See KNBC's Notice of Removal, at 1-9.

9. Since filing the Complaint, plaintiff has identified further purported "constitutional issues" that he claims this Court should decide. These include. "[t]he constitutionality of vesting a competitor with the power to approve waivers"; "[t]he vagueness of standards for approval"; "[t]he issue that there is no duty to ever accommodate a Request for Waiver"; "[t]he issue that approval of a waiver is at will and subject to revocation"; "[d]id KNBC have a duty to assist Plaintiff to make certain that Plaintiff receives a signal broadcast that he was seeking to receive and to not obstruct

Plaintiff?"; and "[w]hat happens if a party prevails in arbitration [under the 1988 Act] and the other party refuses to pay?," among others. Letter dated December 30, 1999 to James M. Lichtman from Diane J. Marlowe (attached as Ex. C to Lichtman Decl.), at 1; Plaintiff's [Separate] "Joint Case Management Statement" (attached as Exhibit E to Lichtman Decl.), at 2-3.

Based on the foregoing uncontroverted material facts, the Court hereby makes its,

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1441(a).

2. In 1988, Congress enacted the Satellite Home Viewer Act ("the 1988 Act"), 17 U.S.C. § 119, as part of the federal Copyright Act. The 1988 Act was amended by the Satellite Home Viewer Improvement Act of 1999 (the "1999 Act"), P.L. 106-113, §§ 1001-1012, 113 Stat. 1501. Except for certain provisions not pertinent to this action, the 1999 Act went into effect on November 29, 1999. See 1999 Act, P.L. 106-113, § 1012. Thus, the 1988 Act was in effect at all times relevant to this action.

3. ~~According to plaintiff,~~ the purported "duty" of KNBC to waive its right to challenge satellite carrier retransmissions is set forth in the 1988 Act. This purported duty thus falls within the "general scope" and "subject matter" of copyright, and any common law or state law claim based thereon is expressly preempted by Section 301 of the Copyright Act. 17 U.S.C. § 301(a). Plaintiff's state law damage claims must therefore be ~~recharacterized in federal court as arising under the Copyright~~

4

1   ~~Act. See, e.g., Wharton v. Columbia Pictures Indus., Inc., 907~~
2   ~~F. Supp. 144, 146-47 (D. Md. 1995).~~

3   4.  The 1988 Act provided satellite carriers with a limited
4   statutory license to retransmit the signal of network stations
5   such as KNBC to "unserved" households. 1988 Act, § 119(a)(2).

6   5.  The rights and obligations of the 1988 Act ran solely
7   between network stations (and other copyright holders) on one
8   hand, and satellite carriers on the other; the Act did not create
9   any rights on behalf of individual satellite subscribers. Thus,
10  the 1988 Act created no cause of action, either express or
11  implied, in favor of individual satellite subscribers that submit
12  requests for satellite waivers to network stations.

13  6.  Further, the 1988 Act imposed no obligation upon KNBC
14  ever to waive its right to challenge whether any particular
15  subscriber receiving the satellite retransmission of NBC network
16  programming, within the local area for which KNBC has the
17  exclusive right to broadcast such programming, qualified as
18  "unserved." Nor did KNBC have a duty under the Act to read,
19  review, or respond to any correspondence sent to it by individual
20  satellite subscribers, on a particular timetable or otherwise.
21  Whether or not KNBC chose to respond to waiver requests from
22  individual satellite subscribers, it had no legal duty under the
23  1988 Act to do so. See, e.g., ABC, Inc. v. Primetime 24, Joint
24  Venture, 17 F.Supp.2d 478, 484-85 (M.D.N.C. 1998).

25  7.  There is no merit to the "constitutional issues"
26  purportedly identified by plaintiff. Plaintiff has no
27  constitutional right to receive copyrighted network programming
28  via retransmission by a satellite carrier. See, e.g., United

1 | Video, Inc. v. F.C.C., 890 F.2d 1173 (D.C. Cir. 1989); California
2 | Satellite Sys. v. Seimon, 767 F.2d 1364 (9th Cir. 1985).
3 |     8. In addition, the "constitutional issues" raised by
4 | plaintiff are moot. Neither a declaration as to the
5 | constitutionality of the 1988 Act nor an injunction ordering KNBC
6 | to consider and/or grant (as a constitutional matter) plaintiff's
7 | waiver request could presently serve any possible purpose, since
8 | plaintiff has obtained the waiver he requested and Congress has
9 | amended the 1988 Act in a way that eliminates the "issues"
10 | perceived by plaintiff.
11 |     9. "Where intervening legislation has settled a
12 | controversy involving only injunctive or declaratory relief, the
13 | controversy has become moot." Bunker Ltd. Partnership v. United
14 | States, 820 F.2d 308, 311 (9th Cir. 1987); see also United Bldg.
15 | & Constr. Trades Council v. Mayor & Council of Camden, 465 U.S.
16 | 208, 213 (1984); Bradley v. Judges of Superior Ct., 531 F.2d 413,
17 | 417 (9th Cir. 1976). Under the 1999 Act, individual subscribers
18 | will be able to receive the satellite retransmission of local
19 | network stations without the need to obtain waivers from such
20 | stations. See 1999 Act, P.L. 106-113, § 1002 (to be codified at
21 | 17 U.S.C. § 122), § 1009 (to be codified at 47 U.S.C. § 325(b)).
22 | The 1999 Act also creates a procedure allowing subscribers
23 | unserved by a local station to obtain, by submitting a request
24 | through his or her carrier, a waiver from a network station
25 | within 30 days. See id., § 1008(a) (to be codified at 47 U.S.C.
26 | § 339(c)(2)). In addition, the 1999 Act implements a process to
27 | determine whether there is any better standard for determining
28 |

whether a household qualifies as "unserved." See id., § 1008(a) (to be codified at 47 U.S.C. § 339(c)(1)).

10. Further, plaintiff cannot assert against KNBC a right to damages for purported violations of his constitutional rights. Such relief could only be sought here through a § 1983 cause of action, which requires proof that a state actor, acting under color of state law, deprived the plaintiff of a right secured by the federal constitution or a federal statute. 42 U.S.C. § 1983, see, e.g., Lugar v. Edmondson Oil Co., 457 U.S. 922, 925-942 (1982). Such an action cannot lie against KNBC, which plaintiff does not even allege to be a "state actor." See, e.g., DeBauche v. Virginia Commonwealth Univ., 7 F.Supp.2d 718, 724 (E.D. Va. 1998); Brownson v. Bogenschutz, 966 F. Supp. 795, 797-98 (E.D. Wisc. 1997).

11. With respect to those "constitutional issues" that do not relate to the facts of this case, any declaration both would moot and would constitute an improper advisory opinion, as would any declaration relating to the 1999 Act. See, e.g., Bunker Ltd. Partnership, 820 F.2d at 31.

DATED: June 26, 2000

*[signature]*
ALICEMARIE H. STOTLER
United States District Judge

Submitted by:

ANDREA R. HARTMAN
JAMES M. LICHTMAN

By: *[signature]*
James M. Lichtman
Attorney for Defendant
NBC SUBSIDIARY (KNBC-TV), INC.

DATED: February 4, 2000

7

PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 330 Bob Hope Drive, Room C-205, Burbank, California 91523.

On February 4, 2000, I served the foregoing document described as [PROPOSED] STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT NBC SUBSIDIARY (KNBC-TV), INC.'S MOTION FOR SUMMARY JUDGMENT on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

> Diane J. Marlowe, Esq.
> GILBERT & MARLOWE
> 1901 East Fourth Street, Suite 312
> Santa Ana, CA 92705-3918

__X__ (BY MAIL) I am "readily familiar" with National Broadcasting Company, Inc.'s practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Burbank, California, in the ordinary course of business.

Executed on February 4, 2000, at Burbank, California.

__X__ (FEDERAL) I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
SALLY LIERHEIMER